**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| TRAVIS J. HILL, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 2:10-cv-00120-SWW-JJV |
| DANNY BURL, Warden, East Arkansas | * |
| Regional Unit, *et al.,* | * |
| | * |
| Defendants. | * |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue,
> Little Rock, AR 72201

## DISPOSITION

## I. INTRODUCTION

Before the Court are Defendant Holloway's Motion for Judgment on the Pleadings (Doc. No. 115) and the Arkansas Department of Correction (ADC) Defendants' Motion for Judgment on the Pleadings or alternatively, Motion for Summary Judgment (Doc. No. 117). Plaintiff responded to Mr. Holloway's motion. (Doc. No. 123).

Mr. Hill was a state inmate at the Eastern Arkansas Regional Unit of the ADC. (Doc. No. 79). He filed this action pursuant to 42 U.S.C. § 1983, based on Defendants' alleged failure to provide him with: adequate handicapped access to recreation facilities, a handicapped accessible van for transport, and copies of legal material from the law library. (Doc. Nos. 1, 5, 10). He asserts these failures violate his Fifth, Eighth, and Fourteenth Amendment rights. (Doc. 123).

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

A motion under Rule 12(b)(6) challenges the sufficiency of factual allegations in the complaint. In ruling on a motion to dismiss, the court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th

Cir. 2008) (citing *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir.2005)); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *C.N. v. Willmar Pub. Sch.*, 591 F.3d 624, 630 (8th Cir. 2010).

### A.    Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act (PLRA) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies before filing a lawsuit is mandatory. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner,* 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

### III.    ANALYSIS

As Defendants state, Plaintiff admitted in his Complaint that he had not exhausted his administrative remedies prior to filing this lawsuit. (Doc. No. 1 at 4.) The grievances which are part of the record show this to be true. (Doc. Nos. 17 and 117, Ex. 7.)

Plaintiff's first grievance filed on July 22, 2010, EA 10-1264, concerns his request for a copy of the Americans with Disabilities Act. (*Id.*) It was responded to on July 27, 2010. (*Id.*). The appeal of that decision was received September 9, 2010, and rejected as untimely on September 14, 2010,

pursuant to the ADC grievance policy, Administrative Directive 09-01. (Doc. No. 117, Ex. 7 and 8). Plaintiff initiated his § 1983 claim on August 20, 2010, several weeks before he received this rejection on September 14, 2010. (Doc. No. 1). Plaintiff's other two grievances, EA 10-01283 and EA 10-1388, concerning his claim of inadequate access to recreation facilities and the absence of an accessible van for transport, also were denied well after Plaintiff filed his cause of action. (Doc. Nos. 1, 10, 17.)

The Court also considered Plaintiff's Response to Motion for Judgment on the Pleadings, in which he did not squarely address exhaustion of his administrative remedies. (Doc. No. 123.)

The grievance procedure plainly sets forth the requirements for submitting a grievance and the Compliant form advises inmates that they must fully exhaust their administrative remedies prior to filing a lawsuit. (Doc. No. 1.) After careful consideration of the facts and viewing the evidence in a light most favorable to the Plaintiff, the Court finds that Plaintiff clearly failed to exhaust his administrative remedies as required by the PLRA and the ADC grievance procedure. Plaintiff's failure to exhaust his administrative remedies is fatal. As a matter of law, his cause of action should be dismissed without prejudice for failure to exhaust his administrative remedies.

Mr. Holloway also requests that this dismissal count as a "strike" because Plaintiff admitted in his Complaint he had not fully exhausted his claims and, therefore, failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). But Plaintiff was not required to specifically plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). And after careful review of the pleadings in this matter, aside from his failure to exhaust, Plaintiff's allegations do not appear to be frivolous and Mr. Holloway's request could have been raised much sooner in the proceedings. Thus, the Court finds that a strike is not appropriate in this instance. *Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Holloway's Motion for Judgment on the Pleadings (Doc. No. 115) should be GRANTED.

2. ADC Defendants' Motion for Judgment on the Pleadings (Doc. No. 117) should be GRANTED.

3. Plaintiff's Complaint should be DISMISSED without prejudice for failure to exhaust his administrative remedies.

4. Mr. Holloway's request that this dismissal be counted as a "strike" should be DENIED.

5. All pending motions should be rendered MOOT.

SO ORDERED this 31st day of October, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE